2020R00374/AMT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RECEIVED
AUG 09 2023
AT 8:30_____ M
CLERK, U.S. DISTRICT COURT - DNJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Georgette Castner |
| v. | : | Criminal No. 23-635 (GC) |
| ISRAFIL "DAVID" DEMIR | : | 18 U.S.C. §§ 2320(a)(1), (b)(1)(A) |
| | : | (Trafficking in Counterfeit Goods) |
| | : | 18 U.S.C. § 2 |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

**THE DEFENDANT AND OTHER RELEVANT INDIVIDUALS AND ENTITIES**

1. At times relevant to this Information:

    a. MIS Enterprise ("MIS"), a New Jersey limited liability company incorporated in 2014, was a criminal operation that purported to be in the business of, among other things, selling genuine, high-quality computer networking equipment. MIS maintained a principal place of business at its warehouse in Woodland Park, New Jersey.

    b. MIS was owned jointly by three individuals. The defendant, ISRAFIL "DAVID" DEMIR ("DEMIR"), a resident of Secaucus, New Jersey, was one of these owners.

    c. The other two owners of MIS were Musa Karaman ("Karaman"), a resident of North Arlington, New Jersey, and Sadri Ozturan ("Ozturan"), a resident of Hawthorne, New Jersey. Karaman and Ozturan were both co-conspirators of DEMIR, but are not charged in this Information.

d.  Cisco Systems, Inc. ("Cisco") was a multinational corporation headquartered in San Jose, California that designed, manufactured, and sold various types of computer networking devices. These included transceivers, which are devices used to connect computers to computer networks.

e.  Cisco owned multiple trademarks registered on the principal register of the United States Patent and Trademark Office, which were in use and used on or in connection with Cisco's goods and services (the "Cisco Marks").

**MIS AND THE COUNTERFEIT-TRAFFICKING SCHEME**

2. From at least as early as September 2017 through at least as recently as May 2021, DEMIR, Karaman, Ozturan, and their MIS subordinates (the "schemers"), operating through MIS, conducted a scheme to import counterfeit Cisco networking devices (the "Counterfeit Cisco Devices") from various illicit overseas suppliers, most of which were in China and Hong Kong, and sell them to customers in the U.S. and elsewhere as genuine Cisco products (the "Scheme").

3. During this time, the schemers used various shell companies that they either owned or controlled to sell products procured from these illicit suppliers that were packaged and built to appear like genuine Cisco networking devices. In reality, virtually all of the purported Cisco products sold by the schemers through MIS and its subsidiary shell companies were

counterfeits. In other words, these products were devices that Cisco did not manufacture or authorize and that bore Cisco Marks without Cisco's permission.

4. The schemers procured the Counterfeit Cisco Devices from multiple overseas suppliers, most of which were situated in China. These suppliers would sell the Counterfeit Cisco Devices for far less than genuine versions—sometimes as low as 1 percent of Cisco's manufacturer's suggested retail price ("MSRP"). The schemers would then sell the Counterfeit Cisco Devices for a significant markup over what they paid to their illicit suppliers, but still far less than genuine versions—sometimes as low as 10 percent of Cisco's MSRP.

5. Throughout the Scheme, the schemers wired at least $1.2 million in payments to their illicit suppliers in China and elsewhere for the Counterfeit Cisco Devices.

6. During the Scheme, U.S. Customs officials seized more than 20 shipments from these suppliers to the schemers containing a substantial number of Counterfeit Cisco Devices, genuine versions of which carried a total MSRP of $3.8 million. The schemers were notified of each of these seizures. Despite these seizures and notifications, the schemers continued operating the Scheme, even continuing to procure Counterfeit Cisco Devices from the same suppliers whose shipments had been seized by U.S. Customs.

3

7. The schemers maintained a significant inventory of Counterfeit Cisco Devices at the MIS warehouse. For example, in or around May 2021, the schemers maintained approximately 7,260 counterfeit Cisco transceivers at the MIS warehouse with a total MSRP of approximately $13,700,000.

## THE CHARGE

8. Between in or around September 2017 and in or around May 2021, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

**ISRAFIL "DAVID" DEMIR,**

did intentionally traffic and attempt to traffic in goods, namely counterfeit and purportedly new and genuine computer networking equipment manufactured by Cisco, while knowingly using on and in connection with such goods counterfeit marks, namely spurious marks that were identical to and substantially indistinguishable from Cisco Marks, the use of which counterfeit marks was likely to cause confusion, to cause mistake, and to deceive.

In violation of Title 18, United States Code, Sections 2320(a)(1) and (b)(1)(A), and Section 2.

## FORFEITURE ALLEGATIONS

1. Upon conviction of the offense charged in this Information, the defendant,

**ISRAFIL "DAVID" DEMIR,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2323(b):

    a. Any and all articles, the making or trafficking of which is prohibited under 18 U.S.C. § 2320;

    b. Any and all property used, or intended to be used, in any manner or part to commit or facilitate the commission of his violation of 18 U.S.C. § 2320(a)(1); and

    c. Any and all property, real and personal, constituting or derived from proceeds the defendant obtained directly or indirectly as a result of the commission of his violation of 18 U.S.C. § 2320(a)(1), and all property traceable to such property.

## **SUBSTITUTE ASSETS PROVISION**

2.   If any of the property described above, as a result of any act or omission of the defendant:

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with, a third party;

     c.   has been placed beyond the jurisdiction of the court;

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

*Philip R. Sellinger*
PHILIP R. SELLINGER
UNITED STATES ATTORNEY

6

CASE NUMBER: 23-635 (GC)

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

ISRAFIL "DAVID" DEMIR

# INFORMATION FOR

18 U.S.C. §§ 2320(a)(1), (b)(1)(A)
18 U.S.C. § 2

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

ANDREW M. TROMBLY
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2847